UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 07-20526-CIV-SEITZ/WHITE

VINCENT K. COLLINS,

    Plaintiff,

v.

OFFICER D. FOSTER,

    Defendant.
_____/

## ORDER GRANTING MOTION FOR ENTRY OF FINAL JUDGMENT GRANTING DECLARATORY RELIEF

THIS CAUSE is before the Court on the Plaintiff's Motion for Entry of Final Judgment Granting Declaratory Relief [DE-114], to which Defendant has not filed a response. Plaintiff filed his Complaint pursuant 42 U.S.C. § 1983, seeking declaratory and monetary relief for a violation of his Eighth Amendment right to be free of cruel and unusual punishment. The present Motion was filed after the Court entered a defense judgment based on a jury verdict that found that Defendant violated Plaintiff's constitutional right but that Defendant's acts were not the proximate or legal cause of any of Plaintiff's damages. For the reasons set forth below, the Court grants Plaintiff's Motion.

Plaintiff's Complaint alleges that Plaintiff sustained injuries when Defendant grabbed him and repeatedly slapped him causing injuries to Plaintiff. The case was tried to a jury and the jury returned the following verdict:

    1.    The Defendant intentionally committed acts that violated the Plaintiff's constitutional right not to be subjected to cruel and unusual punishment as explained in the jury instructions?
           Yes__X_____          No_____

> [Note: If you answered No to Question No. 1, you need not answer the remaining questions. Go to the end of the Verdict Form and have the foreperson sign and date the form.]
>
> 2.   The Defendant's acts were the proximate or legal cause of damages sustained by the Plaintiff?
>       Yes_____          No____X_____
> [Note: If you answered No to Question No. 2, you need not answer the remaining questions. Go to the end of the Verdict Form and have the foreperson sign and date the form.]

*See* DE-112. The remaining questions on the verdict form were left blank. Based on the verdict, the Court entered a judgment in favor of Defendant. Subsequently, Plaintiff filed this Motion.

Plaintiff asserts that, based on the jury's finding, he is entitled to entry of a declaratory judgment that his rights were violated.[1] Plaintiff relies on *Harris v. Garner*, 190 F.3d 1279, 1289 (11th Cir. 1999), *vacated*, 197 F.3d 1059 (11th Cir. 1999), *reinstated in relevant part*, 216 F.3d 970 (11th Cir. 2000), in which the Eleventh Circuit found that the Prison Litigation Reform Act of 1995, 42 U.S.C. § 1997e(a), which requires a showing of physical injury in order to recover damages, does not foreclose a prisoner's right to sue for declaratory and injunctive relief. *See also Hughes v. Lott*, 350 F.3d 1157, 1162 n.4 (11th Cir. 2003) (citing *Harris* for proposition that Prison Litigation Reform Act does not prohibit or curtail action for declaratory relief). Thus, Plaintiff argues that, while the jury's finding may preclude him from recovering damages, it does not preclude him from obtaining declaratory relief. The Court agrees. Based on the finding of the jury that Defendant violated Plaintiff's Eighth Amendment right and the fact that Plaintiff's Complaint sought declaratory relief, entry of a declaratory judgment to that effect is warranted. Accordingly, it is hereby

---

[1]Plaintiff seeks this judgment to aid him in the restoration of his "gain time," which was lost as a result of a report filed by Officer Foster about the incident at issue in this case.

ORDERED that Plaintiff's Motion for Entry of Final Judgment Granting Declaratory Relief [DE-114] is GRANTED:

1. The judgment entered by the Court on June 15, 2009 is VACATED.

2. The Court will enter an amended judgment in accordance with this order.

DONE AND ORDERED in Miami, Florida, this 23rd day of December, 2009.

*(signature)*
PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

cc: All Counsel of Record
Vincent K. Collins, *pro se*
Magistrate Judge Patrick A. White