UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 07-20526-CIV-SEITZ/WHITE

VINCENT K. COLLINS,

    Plaintiff,

v.

OFFICER D. FOSTER,

    Defendant.
_____/

## ORDER DENYING MOTION TO VACATE

THIS matter is before the Court on Defendant's Motion to Vacate Order Granting Motion for Entry of Final Judgment; To Vacate Amended Final Judgment; and to Alter or Amend Order Denying Motion to Tax Costs [DE-126]. This case arises from Plaintiff's claim that Defendant violated his Eighth Amendment right when she assaulted him while Plaintiff was incarcerated. After a trial by jury, judgment was entered in favor of Defendant. Thereafter, based on *Harris v. Garner*, 190 F.3d 1279, 1289 (11th Cir. 1999), *vacated*, 197 F.3d 1059 (11th Cir. 1999), *reinstated in relevant part*, 216 F.3d 970 (11th Cir. 2000), the Court vacated the judgment and entered an Amended Final Judgment, which granted declaratory relief in favor of Plaintiff and entered judgment against Plaintiff and in favor of Defendant on Plaintiff's claims for compensatory and punitive damages. Defendant now moves to vacate the order that vacated the original Final Judgment, vacate the Amended Final Judgment, and to alter or amend the Court's Order that denied Defendant's Motion to Tax Costs, based on the fact that Plaintiff was the prevailing party pursuant to the Amended Final Judgment. Because the Court deems Plaintiff's motion that resulted in the entry of the Amended Final Judgment as a timely filed motion pursuant to Federal Rule of Civil Procedure 59(e), Defendant's Motion is denied.

**Facts and Procedural History**

Plaintiff filed a pro se complaint alleging that his constitutional rights had been violated when he was physically assaulted by Defendant. The complaint sought declaratory relief and compensatory and punitive damages. The case was tried to a jury. The jury answered the first two questions on the special verdict form as follows:

> 1. The Defendant intentionally committed acts that violated the Plaintiff's constitutional right not to be subjected to cruel and unusual punishment as explained in the jury instructions?
> Yes____X____          No_____
>
> [*Note*: If you answered No to Question No. 1, you need not answer the remaining questions. Go to the end of the Verdict Form and have the foreperson sign and date the form.]
>
> 2. The Defendant's acts were the proximate or legal cause of damages sustained by the Plaintiff?
> Yes_____          No____X____
>
> [*Note*: If you answered No to Question No. 2, you need not answer the remaining questions. Go to the end of the Verdict Form and have the foreperson sign and date the form.]

The rest of the questions on the special verdict form were left blank.

Based on this verdict, the Court signed a Final Judgment in favor of Defendant. *See* DE-115. However, after the Court signed the Final Judgment, but before the Judgment was docketed by the Clerk's office, Plaintiff filed a Motion for Entry of Final Judgment Granting Declaratory Relief (Plaintiff's Motion). Thus, at the time Plaintiff filed his Motion, the parties were unaware that the Court had already signed a Final Judgment.

The Plaintiff filed his Motion on June 15, 2009. *See* DE-114. Defendant never filed a response. On December 23, 2009, the Court granted the Motion, vacated its original Final

Judgment, and entered an Amended Final Judgment granting Plaintiff declaratory relief. While Plaintiff's Motion was pending, Defendant filed a Motion to Tax Costs, to which Plaintiff filed a response, which did not mention Plaintiff's Motion, and Defendant filed a reply. The Motion to Tax Costs was referred to Magistrate Judge O'Sullivan for a Report and Recommendation. Judge O'Sullivan issued a Report and Recommendation recommending that Defendant be awarded her costs. However, after the Court granted Plaintiff's Motion, it denied the Motion to Tax Costs as moot.

Defendant's current Motion to Vacate seeks to vacate the Court's December 23, 2009 Order that granted Plaintiff's Motion, vacate the Order denying the Motion to Tax Costs, and vacate the Amended Final Judgment.

**Defendant's Motion to Vacate**

Defendant raises several bases for her motion: (1) the Court's original Final Judgment became final ten days after entry because Plaintiff did not timely file a Rule 59(e) motion; (2) the Pretrial Stipulation did not explicitly include a claim for relief under the Declaratory Judgment Act; and (3) the Court lacked authority to vacate its own judgment under either Rule 59 or 60. All of Defendant's arguments seek to place form over substance and, furthermore, lack substantive merit.

Defendant first argues that the Court's original Final Judgment became final ten days after entry and prior to the filing of any proper motion made pursuant to Federal Rule of Civil Procedure 59. Plaintiff asserts that its Motion was timely filed whether it was filed before or after entry of the Final Judgment. The Court agrees that the Motion was timely filed; Plaintiff's Motion was technically docketed before entry of the Final Judgment, but on the same day as the

Final Judgment. Thus, it was filed within ten days of the issuance of the Final Judgment. Plaintiff further argues that its Motion did not have to explicitly refer to a specific rule number in order to be considered a motion made pursuant to Rule 59. The style of a motion is not controlling; instead, a court should consider the substance of the motion. *See Fincher v. City of Vernon*, 845 F.2d 256, 258-259 (11th Cir. 1988) (finding that a motion captioned as a Rule 60 motion was really a Rule 59(e) motion). In *Fincher*, the Eleventh Circuit defined a Rule 59(e) motion as one that seeks reconsideration of matters encompassed in a decision on the merits of the dispute. *Id.* The substance of Plaintiff's Motion sought to have a declaratory judgment entered, clearly a matter going to the merits of the dispute. Given the odd circumstances of the timing of Plaintiff's Motion and the docketing of the Final Judgment, the Court deems Plaintiff's Motion as a timely filed Rule 59(e) motion.

Defendant next argues that Plaintiff waived his right to declaratory relief by not explicitly including it in the Pretrial Stipulation.[1] In support, Defendant points to the facts that the Pretrial Stipulation did not explicitly list the Declaratory Judgment Act as a basis for the Court's jurisdiction, did not list the right to declaratory relief as one of the issues of law on which there was agreement, and did not list the right to declaratory relief as one of the issues of law which remained for determination. However, the Pretrial Stipulation listed the complaint, which contained a request for declaratory relief, as one of the pleadings raising the issues in the matter. Furthermore, Plaintiff explicitly disagreed with the statement of the issues of law which remain

---

[1] The parties filed several Pretrial Stipulations. The Court will consider the Third Amended Joint Pretrial Stipulation as the operative document because it was the last filed and was the one considered at the Pretrial Conference.

for determination that was included by Defendant in the Pretrial Stipulation[2] and the Court's Order on Pretrial Conference listed the issues to be tried as "[w]hether Defendant used excessive force against Plaintiff on August 26, 2006. Defendant has conceded that she shall not pursue any of the affirmative defenses raised in her answer." At the Pretrial Conference the issue of declaratory relief was not raised, much less discussed. Thus, nothing in the record clearly indicates that Plaintiff dropped his claim for declaratory relief. Based on the reference to the complaint in the Pretrial Stipulation, Plaintiff's disagreement with the Pretrial Stipulation's statement of the issues to be tried, and no indication at the Pretrial Conference of Plaintiff's intent to abandon his claim for declaratory relief, the Court finds that Plaintiff did not abandon, or otherwise waive, his claim for declaratory relief.

Lastly, Defendant argues that the Court lacked the authority to vacate the Final Judgment *sua sponte* under either Rule 59(d) or Rule 60(a). However, as set out above, the Court did not vacate the Final Judgment *sua sponte*, it vacated the Final Judgment based on Plaintiff's Motion, which the Court has deemed a timely filed Rule 59(e) motion. Accordingly, it is

ORDERED that Defendant's Motion to Vacate Order Granting Motion for Entry of Final Judgment; To Vacate Amended Final Judgment; and to Alter or Amend Order Denying Motion to Tax Costs [DE-126] is DENIED. The Defendant shall file its response to Plaintiff's Motion to Tax Costs by **July 27, 2010.**

DONE AND ORDERED in Miami, Florida, this 12th day of July, 2010.

PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

cc:   All Counsel of Record

---

[2]Plaintiff did not explain his disagreement with the issues listed by Defendant or offer other issues that remained for determination.